UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVEN MAURICE EVANS,

    Petitioner,

v.                                                    CASE NO. 6:08-cv-1234-Orl-28DAB

WALTER A. MCNEIL, SECRETARY,
FLORIDA DEPARTMENT OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner, a death sentenced prisoner in state custody, initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1, filed July 25, 2008). Respondents filed a Motion to Dismiss Untimely Petition ("Motion to Dismiss") in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 18, filed December 10, 2009). This Court granted Petitioner sixty (60) days in which to file a response to Respondents' Motion to Dismiss (Doc. No. 20, filed December 16, 2009). Petitioner filed a response to Respondents' Motion to Dismiss (Doc. No. 22, filed February 16, 2010).

Respondents allege that Petitioner did not file his action for habeas corpus relief until 443 days after his conviction and sentence became final on direct appeal and, as a result, Petitioner's habeas corpus petition was untimely and should be dismissed with prejudice.

Respondents and Petitioner disagree as to the date on which Petitioner's conviction became final under 28 U.S.C. § 2244(d)(1)(A). Respondents contend that Petitioner's conviction and sentence became final on December 10, 2001, the date the Florida Supreme Court issued its mandate on direct appeal. Petitioner contends that the petition was timely filed because the state court judgment on direct appeal did not become final until March 11, 2002, the last day on which Petitioner could have sought certiorari review in the United States Supreme Court.

As discussed below, the Court finds that Petitioner's action for habeas corpus relief was timely filed and denies Respondents' Motion to Dismiss.

I. *Procedural History*

In 1999, the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, Florida, entered the judgment of conviction and sentence of death at issue in this case. The Florida Supreme Court issued its affirmance of Petitioner's conviction and sentence of death on October 11, 2001. *Evans v. State*, 800 So.2d 182 (Fla. 2001). A motion for rehearing was filed. The motion was denied by the Florida Supreme Court on December 10, 2001 and mandate issued on the same date.

On October 16, 2002, Petitioner sought post conviction relief in the state courts pursuant to Florida Rule of Criminal Procedure 3.851. The state trial court denied relief and Petitioner appealed. On November 15, 2007, the Florida Supreme Court denied Petitioner relief. *Evans v. State*, 975 So.2d 1035 (Fla. 2007). Rehearing was denied on February 14, 2008, and mandate issued from the Florida Supreme Court on March 3, 2008.

Petitioner's habeas corpus petition was filed on July 25, 2008 (Doc. No. 1).

## II. *Petitioner's Habeas Corpus Petition was Timely Filed*

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

The statute of limitations described in 28 U.S.C. § 2244(d)(1)(A) allows a prisoner time to seek direct review in the Supreme Court of the United States and, if the prisoner does not petition the Supreme Court, the prisoner's conviction becomes final when the time for filing that petition expires. *Pugh v. Smith*, 465 F.3d 1295, 1299-1300 (11th Cir. 2006)(citing *Bond v.*

3

*Moore*, 309 F.3d 770, 774 (11th Cir. 2002)(holding that the one-year period of limitation in § 2244(d)(1) does not begin to run until the ninety-day period for filing a petition for certiorari with the United States Supreme Court has expired)).

In the present case, the Florida Supreme Court issued its affirmance of Petitioner's convictions and sentence of death on October 11, 2001. Petitioner filed a motion for rehearing which was denied by the Florida Supreme Court on December 10, 2001. Petitioner then had ninety days, or until March 11, 2002, to petition the United States Supreme Court for writ of certiorari.[1] *See* Sup. Ct. R. 13.[2] Thus, under § 2244(d)(1)(A),

---

[1] The 90th day from December 10, 2001 fell on a Sunday. Therefore, any certiorari petition would have been due on Monday, March 11, 2002 which was the 91st day after December 10, 2001. *See* Supreme Court Rule 30.1 (if due date falls on a Saturday, Sunday, federal legal holiday, or on a day in which the Court is otherwise closed for business, "the period shall extend until the end of the next day that is not a Saturday, Sunday, federal legal holiday, or day on which the court building is closed.").

[2] Rule 13 provides as follows:

Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals (including the United States Court of Appeals for the Armed Forces) is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.

Sup. Ct. R. 13(1).

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

4

Petitioner had through March 11, 2003, absent any tolling, to file a federal habeas corpus petition.

Under § 2244(d)(2), the one year statute of limitations is tolled during the pendency of Petitioner's properly filed state post-conviction proceedings. On October 16, 2002, Petitioner's state post-conviction motion was filed pursuant to Florida Rule of Criminal Procedure 3.851, and the statute of limitations was tolled on that date. Between March 11, 2002 and October 16, 2002, 220 days elapsed before the time began to toll.

On March 3, 2008, the Florida Supreme Court issued a mandate from its opinion affirming the denial of state post-conviction relief. At that time, the statute of limitations began to run again and Petitioner had 145 days, or until July 26, 2008, in which to timely file a federal habeas corpus petition. The petition was filed on July 25, 2008. Therefore, Petitioner's habeas corpus petition was timely filed.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Respondents' Motion to Dismiss Untimely Petition is **DENIED**.

2. Respondents are instructed to respond to the merits of Petitioner's habeas corpus petition within forty-five (45) days from the date of this Order.

**DONE AND ORDERED** at Orlando, Florida, this _16_ day of April, 2010.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

---

Sup. Ct. R. 13(3).

Copies to:
pssa 4/12
Counsel of Record